## EQUITABLE DIVISION OF PROPERTY BETWEEN HUSBAND AND WIFE.

Court of Appeals for Hamilton County.

ANNIE FRONRITER v. JOHN C. FRONRITER.*

Decided, March 6, 1916.

*Husband and Wife—Where it is Apparent Their Property Was Acquired by Joint Effort—And Separation Occurs it Will be Equitably Divided—Alimony.*

Where separation is being sought after forty years of married life, and it appears that the wife has been a faithful and exemplary helpmate, and has reared seven children who are a credit to her, and whereby the industry and frugality of herself and the children as well as the husband, property has been accumulated which is worth twenty thousand dollars, a reviewing court will order that the property be equitably divided between the husband and wife.

*Galvin & Bauer*, for plaintiff in error.
*Charles W. Baker*, contra.

GORMAN, J.

On April 9th, 1913, Annie Fronriter, the plaintiff in error here, filed a petition in the Insolvency Court of Hamilton County, praying for alimony against John C. Fronriter, the defendant in error. The case was heard, the defendant being in default for answer, and the court awarded to plaintiff an allowance of $60 per. month as alimony, and made the same a lien upon defendant's real estate. The court further enjoined the defendant, during the life of the plaintiff, from disposing of or encumbering said real estate or any part of it.

Thereafter, on March 18th, 1914, the defendant, John C. Fronriter, filed a petition in the Insolvency Court of Hamilton County praying for a divorce from the plaintiff. Issue was

*Motion to require the Court of Appeals to certify its record in this case, overruled by the Supreme Court November 21, 1916.

made upon this petition by answer, and by way of cross-petition the defendant, Annie Fronriter, asked for an increase in the allowance of alimony theretofore made by the court in the former case. Upon the hearing, the court of insolvency refused the plaintiff a divorce, and continued the matter of the cross-petition for an increased allowance to the defendant. Instead of increasing the defendant's allowance, the court after holding the case for a short time reduced the allowance to $50 per month.

The wife now prosecutes error to reverse that judgment.

The record discloses that at the time the parties were married, thirty-nine or forty years ago, neither of them possessed any property real or personal; that during the years of their married life the wife was a most faithful and exemplary helpmate. She is the mother of seven children, all of whom are a credit to her and to her husband. She did all her own housework, washing, ironing, mending, taking care of the children and making their clothing. When the children were able to earn money they went out into the world and brought home their earnings and paid to the mother and father more than sufficient for their maintenance, practically supporting the household and enabling the husband to save very much more than he would have otherwise been enabled to do. At the time of the hearing it appears that there are two pieces of property in the name of the husband, valued at about $19,000 or $20,000, located in Avondale. This property is the result of the joint savings of the husband and wife with the assistance which they received from their children.

We can not conceive of a wife who has been more faithful, earnest and zealous for the up-bringing of the family, their education, maintenance and support, and in the desire to accumulate something for her husband and herself and their family. We are of the opinion that the amount allowed by the trial court in the way of alimony for this woman is entirely inadequate. The record discloses that the income from the property is $175 or $180 per month; and in view of the fact that this property represents the joint savings and earnings of the husband and wife and the family it should be equitably divided between the husband and wife.

The question of an equitable division of this property was not argued to us as fully as it should have been when the case was submitted. We have therefore concluded that we will give counsel an opportunity to present further argument as to what would be an equitable division of this property between the parties to this proceeding if so desired, otherwise the court will make such a division as would be just and equitable, taking into consideration the facts and circumstances of the case.

The power to make this division and modify the judgment of the court below will be found in Section 11998 of the General Code; and under Section 11364 of the General Code this court is authorized to modify the judgment of the trial court in order to do more complete justice to the party complaining.

We have come to this conclusion because it appears to us that there is no immediate prospect of a reconciliation between the parties, and a division of this property would conduce to the happiness and contentment of both. If counsel do not, within ten days, desire to present further arguments upon the equitable division of the property, the court will proceed to make such a modification of the judgment as will do more complete justice to the party complaining.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.